J-S60039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE L. CRUZ | |
| Appellant | No. 1976 MDA 2013 |

Appeal from the PCRA Order September 24, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000329-2006

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 30, 2014**

Jose Cruz ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We dismiss the appeal for the following reasons.

Following trial, a jury found Appellant guilty of second-degree murder,[1] robbery,[2] theft by unlawful taking or disposition,[3] and receiving stolen property.[4]  The trial court sentenced Appellant to life imprisonment for the felony murder conviction, and imposed a consecutive term of eight (8) to

---

[1] 18 Pa.C.S. § 2501.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 3921.

[4] 18 Pa.C.S. § 3925.

twenty (20) years' imprisonment for the robbery conviction.[5]  After Appellant's post-sentence motions were denied by operation of law, Appellant timely appealed.

On April 22, 2010, this Court affirmed Appellant's convictions, vacated his separate Robbery judgment of sentence, but affirmed Appellant's judgment of sentence in all other respects.  ***See Commonwealth v. Cruz***, 2028 MDA 2008 (filed April 22, 2010) (unpublished memorandum).  Our Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on October 6, 2010.

Appellant filed a timely *pro se* PCRA petition on September 28, 2011.[6]

_____

[5] The trial court did not impose further penalties for the theft by unlawful taking or receiving stolen property convictions.

[6] Appellant's *pro se* PCRA petition purported to raise the following issues:

1) Trial Counsel Mark Buffalino, was ineffective due to his failure to produce at trial, Forensic Findings of exculpatory evidence.

2) Appellate Counsel Brian Corcoran, was ineffective due to his failure to include in his Post Sentencing Motions, Exculpatory Evidence which could have exonerated this Petitioner from this matter.

3) Appellate Counsel Matthew Kelly, was ineffective due to his filing of a frivolous Concise Statement with the Trial Court.

4) Appellate Counsel Matthew Kelly was ineffective due to his failure to raise claims of arguable merit.

5) Attorney Robert M. Buttner, was ineffective due to his failure to raise issues of arguable merit in an appeal to the Superior Court.

*(Footnote Continued Next Page)*

- 2 -

Appointed counsel filed a Supplemental PCRA Petition on February 1, 2013.[7]

The PCRA court denied Appellant's petition on September 24, 2013, and

*(Footnote Continued)* ———————————

> 6) Attorney Robert M. Buttner was ineffective due to his failure to file an Amended Concise Statement, filed by Attorney Matthew Kelly.
>
> 7) Petitioner was deprived of reasonable doubts to which he was entitled under the Federal Constitution.
>
> 8) The District Attorney committed Prosecutorial Misconduct by his withholding of exculpatory evidence, which if introduced at trial could have exonerated this petitioner.
>
> 9) Petitioner was denied a fair trial through the illegal trial fixing.

Appellant's "Memorandum of Law P.C.R.A." appended to the *pro se* PCRA petition, pp. 2-3 (verbatim).

[7] The Supplemental PCRA Petition supplemented the issues purportedly raised in Appellant's *pro se* PCRA petition with the following four claims:

> 1.  [Appellant] alleges that counsel failed to investigate and follow through with finding a match for the blood of the t-shirt in evidence.  While the DNA report excluded [Appellant], no match was ever found.
>
> 2.  [Appellant] alleges that the Commonwealth failed to turn over all documentation related to the DNA testing.
>
> 3.  [Appellant] alleges that counsel failed to call witnesses including Tracy Smith and Mr. Flipens who would have indicated that these witnesses were with the victim after [Appellant] left the victim, and thus [Appellant] could not have committed the crime.
>
> 4.  [Appellant] alleges that counsel failed to obtain criminal records regarding witnesses called at trial which could have been used to challenge their credibility.

Supplemental PCRA Petition, p. 1.

Appellant timely appealed on October 23, 2013. Upon motion of Appellant, this Court remanded the matter for a **_Grazier_**[8] hearing on February 24, 2014. The PCRA court conducted a **_Grazier_** hearing on March 20, 2014 and granted Appellant's request to proceed _pro se_.[9] Ultimately, Appellant filed

_____

[8] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa.1988).

[9] The transcript of the **_Grazier_** hearing illustrates without question that the PCRA court properly counselled Appellant that, if he chose to proceed _pro se_, he would be bound by the Pennsylvania Rules of Appellate Procedure and would be held to the same standard of those with formal legal education:

> [The PCRA court]: You understand that if you represent yourself, you're going to be bound by all the normal rules and procedures with respect to your appeal?
>
> [Appellant]: Yes.
>
> [The PCRA court]: In other words, you're going to be held to the same standard as if you had all the training and experience and education of a lawyer?
>
> [Appellant]: Yes.

**See** N.T. 3/20/2014, p. 4. In fact, the PCRA court took particular care to explain to Appellant the potential pitfalls of representing himself:

> [The PCRA court]: You understand if certain issues aren't raised, or if they're not raised in the appropriate fashion, they can be waived or lost?
>
> [Appellant]: Yes.
>
> [The PCRA court]: Do you understand that?
>
> [Appellant]: Yes. If I may say --
>
> [The PCRA court]: In other words, to put it quite frankly, if you screw up or make mistakes, you're stuck with those mistakes. Do you understand that?

_(Footnote Continued Next Page)_

- 4 -

his brief with this Court on July 10, 2014. The Commonwealth filed its brief on August 11, 2014.

On appeal, Appellant presents the following issues for our review:

1.) When raising a claim of insufficiency of evidence does the appellate court have to review the record of the total circumstances combined[?]

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[Appellant]: I understand that, sir; but, at least I'll be doing it for me, and someone else will not be making mistakes for me.

[The PCRA court]: So, as I understand it, notwithstanding any of the advantages to having counsel represent you, you want to give up those advantages and represent yourself?

[Appellant]: Yes, sir.

[PCRA counsel]: Judge, if I might just make one comment regarding that he would be bound by all the rules and procedures of the Appellate Courts.

I've read a couple of cases recently by the Appellate Courts where it seems like they're not being quite as liberal as they once were in allowing pro se litigants to not conform to all the appellate rules when it comes to filing a brief. So, it may not be as liberal as it once was, just so he's aware of that.

[The PCRA court]: I've asked him that question.

- - - - -

EXAMINATION (cont'd.)

- - - - -

[The PCRA court]: And you indicated that you understood that?

[Appellant]: Yes, sir.

N.T. 3/20/2014, pp. 5-6. Ultimately, Appellant still elected to proceed *pro se*, and the PCRA court acceded to Appellant's request to represent himself in the instant appeal. N.T. 3/20/2014, p. 7.

2.) Whether being represented by counsel or other . . . Is it not the appellant's obligation to make sure the record be complete and fully correct in order to support the issues raised on appeal and does the exhibit support our layered claim of ineffective assistance, for failure to object, raise, and preserve the record[?]

3.) A conviction can be sustained on wholly circumstantial evidence, however, does these exhibits contain a scientific certainty (relevant rebuttal evidence) complete the record for adaquate and appropriate appellate review and pronounce a manifest miscarriage of justice[?]

Appellant's Brief, Statement of Questions Involved, p. 4 (all capitals removed, all errors in original).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We note initially that the Pennsylvania Rules of Appellate Procedure set forth mandatory briefing requirements for litigants. *See* Pa.R.A.P. 2101 *et seq*. Rule 2119 requires:

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part–in distinctive type or in type distinctively displayed–the particular point treated therein, followed by such discussion and citation to authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). We may quash or dismiss an appeal where an appellant's brief fails to substantially conform to the briefing requirements.

Pa.R.A.P. 2101; *see also Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super.2005) (Superior Court may quash or dismiss appeals where parties filed non-conforming briefs).

Here, Appellant filed a brief that fails to comply with the requirements of the Rules of Appellate Procedure governing the content of briefs and fails to develop meaningful arguments.[10] Although this Court may construe *pro se* briefs liberally, *pro se* status confers no special benefit upon Appellant. *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.Super.2003). Where an appellant's disregard of the Rules of Appellate Procedure precludes meaningful judicial review, we are constrained to dismiss the appeal.

Appeal dismissed.

Judge Ott joins the memorandum.

Judge Stabile concurs in the result.

---

[10] In his brief, Appellant presents an eighteen-page Argument section that does not correspond to the three claims contained in the Statement of Questions Involved. Instead, the Argument appears to state nine additional questions for our review, and appears to be little more than a second statement of questions presented. To the extent the Argument's claims are comprehensible and correspond to previously properly raised PCRA claims, they are supported by decidedly sparse legal authority, and even less citation to the record. In short, the Argument fails to explain why this Court should agree with the various claims, even if they had been properly raised and argued.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2014